ASHLYN L. CANNON v. A. J. MAXWELL, COMMISSIONER OF REVENUE, AND JOHN P. STEDMAN, STATE TREASURER.

(Filed 22 November, 1933.)

1. **Taxation E d—Where refund is ordered upon demand and notice without action, taxpayer is not entitled to interest on the refund.**

     Where the Commissioner of Revenue, with the approval of the Attorney-General, orders a refund of taxes paid under protest in accordance with C. S., 7979(a), merely upon demand and notice of the taxpayer, no suit having been brought to recover the taxes, the taxpayer is not entitled to interest on the amount refunded and a demurrer to the complaint in an independent action to recover interest thereon is properly sustained. The distinction between C. S., 7979(a), and C. S., 7880(194), which allows interest where the refund is recovered by judgment, is pointed out.

**2. Statutes B a—**

The settled administrative practice as established by uniform and long-continued interpretation of statutes by the administering State officials, while not controlling, is entitled to due consideration in the construction of the statutes.

**3. Interest B a: States E d—** .

The State never pays interest unless it expressly engages to do so.

APPEAL by plaintiff from *Cranmer, J.,* at May Term, 1933, of WAKE. Civil action to recover interest on tax refund.

The complaint alleges:

1. That J. Ross Cannon, a resident of South Carolina, died testate, 8 September, 1929, owning stock in North Carolina corporations, which he bequeathed to the plaintiff.

2. That on 16 August, 1930, the plaintiff paid, under protest, to the Commissioner of Revenue of North Carolina the sum of $8,972.56 as a transfer tax or inheritance tax upon said corporate stocks, and duly filed demand and notice for refund.

3. That on 17 February, 1932, the Commissioner of Revenue of North Carolina, upon the advice of the Attorney-General, refunded to the plaintiff the sum of $8,972.56, the amount paid as a transfer tax or inheritance tax on the stock in question, but declined to pay interest on said sum, amounting to $768.65, from the time plaintiff paid said tax under protest, and duly filed demand and notice of refund.

Demurrer interposed by the defendant upon the ground that the complaint does not state facts sufficient to constitute a cause of action, which was sustained, and from which ruling the plaintiff appeals, assigning error.

*William H. Beckerdite for plaintiff.*

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for defendants.*

STACY, C. J. Is the plaintiff entitled to interest on her tax refund? The answer is, No.

At the time of the levy of the tax in question, 8 September, 1929, its imposition by the State was thought to be legal, and was legal, under the decision in *Blackstone v. Miller,* 188 U. S., 189, 47 L. Ed., 439. But with the overruling of this decision, 6 January, 1930, in *Farmer's Loan & Trust Co. v. Minnesota,* 280 U. S., 204, foreshadowed in *Frick v. Pennsylvania,* 268 U. S., 473, and followed by *Baldwin v. Missouri,* 281 U. S., 586, and *First Nat. Bank v. Maine,* 284 U. S., 312, in which it was announced that a state could not impose an inheritance tax upon the transfer of shares of stock in domestic corporations owned by a non-

resident at the time of his death—such shares of stock not having a business situs in the taxing state—the Commissioner of Revenue, with the approval of the Attorney-General, as is provided by C. S., 7979(a), refunded to the plaintiff the amount of tax paid by her on the transfer of said stock.

It is contended by the plaintiff that under C. S., 7880(194), she is entitled to interest on said refund.

The difference between the two statutes is this: When a refund is ordered, simply upon demand and notice by the taxpayer, no interest is allowed, but when the demand for a refund is denied, and the taxpayer is required to bring suit, and recovers, it is provided that "judgment shall be rendered therefor, with interest." This is a reasonable difference between the two statutes. The policy of the State is thus fixed and determined in regard to the matter, and such is the settled administrative practice as established by the uniform and long-continued interpretation of these statutes. "Numerous authorities agree particularly that contemporaneous construction and official usage for a long period by persons charged with the administration of the law have always been regarded as legitimate and valuable aids in ascertaining the meaning of a statute"—*Walker, J.,* in *Gill v. Comrs,* 160 N. C., 176, 76 S. E., 203, 43 L. R. A. (N. S.), 293. While not controlling, such construction is always entitled to due consideration. 25 R. C. L., 1043.

As far back as *Attorney-General v. Navigation Co.,* 37 N. C., 444, *Ruffin, C. J.,* delivering the opinion of the Court, declared the law of this jurisdiction to be accordant with the general rule, "that the State never pays interest unless she expressly engages to do so." And the law, as thus declared, was upheld by the Supreme Court of the United States in *U. S. v. North Carolina,* 136 U. S., 211. Indeed, such is the prevailing rule, the suggestion of the annotator in 57 A. L. R., 357 (which really has reference to contested rather than uncontested refunds), to the contrary notwithstanding, and upon which plaintiff relies. 15 R. C. L., 17; 59 C. J., 297; Note, 31 Ann. Cas., 316. In this respect, the courts are not at liberty to override the policy of the State as fixed by the law-making body. *Bunn v. Maxwell, Comr. of Revenue,* 199 N. C., 557, 155 S. E., 250. It was held in *Stewart v. Barnes,* 153 U. S., 456, that in the absence of an express statutory provision with respect to interest, a taxpayer could not maintain an independent action for interest alone after he had received and accepted a refund of the amount of the overpayment of the tax itself. Compare *Girard Trust Co. v. U. S.,* 270 U. S., 163 (reversed on other grounds in 271 U. S., 348). The demurrer was properly sustained.

Affirmed.