W. A. POWELL v. A. J. MAXWELL, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 15 June, 1936.)

**1. Taxation A h—**

Art. I, sec. 10 (2), of the Federal Constitution, prohibiting a state from levying duties on imports or exports, relates solely to foreign commerce and has no reference to interstate commerce.

**2. Same—Tax upon automobiles held excise or use tax, and not tax on interstate commerce, or an attempt to tax transaction outside of State.**

The tax imposed by subsec. 13, sec. 404, ch. 371, Public Laws of 1935 (N. C. Code, 7880 [156]e, subsec. 13), upon the purchase price of automobiles payable before license may be issued by every person purchasing them and using them upon the highways of the State, when a State license is required for such use, *is held* not a tax upon interstate commerce in violation of Art. I, sec. 8 (3), of the Federal Constitution, since the tax is not imposed until after the purchase of the automobile and after it has come to rest within this State for use herein, and is levied without regard to where it was purchased, nor a tax upon transactions taking place beyond the confines of the State in violation of the Due Process clause of the Federal Constitution (14th Amendment), since the tax is neither an *ad valorem* nor a sales tax upon the purchase of automobiles, but an excise or use tax imposed upon the owners for the privilege of using them upon the highways of the State.

**3. Taxation A c—Tax upon every owner for privilege of using automobile upon highways of this State held not void as discriminatory.**

The tax levied upon every owner for the privilege of using an automobile upon the highways of this State when a State license is required for such use is not void as discriminatory in amount because of the provision of the statute that such tax need not be paid when the owner furnishes a certificate from a dealer in this State to the effect that the tax has been paid, and that such dealer will be responsible therefor to the Commissioner of Revenue, since the statute requires the same amount to be paid regardless of whether the car is purchased from a dealer within or outside the State, the tax in one instance being payable to the Commissioner of Revenue and in the other instance to the dealer in this State from whom the car is purchased. Art. I, sec. 8 (3), of the Federal Constitution, Art. V, sec. 3, of the Constitution of North Carolina.

**4. Taxation C c—**

The Commissioner of Revenue is given authority to construe administratively, in the first instance, all sections of the Revenue Act by sec. 507 thereof.

**5. Taxation A c—Difference in procedure for collection of tax held not to render it discriminatory under facts of this case.**

An excise tax, uniform in amount, regardless of whether the article used is purchased within the State or not, will not be held void as discriminatory because the procedure for its collection when the article used is purchased outside the State is different from that when it is purchased within the State, when it appears that the statute does not discriminate either in substance or in its operation in practical application.

APPEAL by the plaintiff from *Barnhill, J.,* at March Term, 1936, of WAKE. Affirmed.

From the allegations and admissions in the pleadings it appears that on 9 July, 1935, the plaintiff, who is a resident of Rockingham County, North Carolina, purchased a new Oldsmobile coupe from the Wyatt Chevrolet Corporation in Danville, Virginia, for a price in excess of $800.00; that the plaintiff purchased this automobile for use upon the streets and highways of the State of North Carolina, and after returning to his home with it, applied to the defendant, the Commissioner of Revenue, for a license and certificate of title for said automobile; that he tendered to the Commissioner all of the taxes and fees due under the laws of the State prior to the issuance of the license and certificate of title except the tax imposed by subsection 13, section 404, chapter 371, Public Laws 1935, N. C. Code of 1935 (Michie), 7880 (156)e, subsection 13; that the amount of the tax imposed by said subsection 13, being exacted by the Commissioner of Revenue, was paid by the plaintiff under protest, and within thirty days the plaintiff demanded in writing that the same be refunded; that the Commissioner declined to make refund of the tax paid, and this suit was thereupon instituted. In the

pleadings it also appears that the tax demanded of the plaintiff was limited to $10.00, and that the Commissioner of Revenue had administratively construed and applied subsection 13, section 404, chapter 371, Public Laws 1935, as subject to the same limitations of maximum tax upon any single article of merchandise as is fixed in subsection 12 of said section 404, namely, $10.00.

Liability for the tax was denied upon the ground that subsection 13 of section 404, chapter 371, Public Laws 1935, being a portion of the Revenue Act of 1935, was void for the reason that it was in violation of the provisions of the Federal and State Constitutions.

The court was of the opinion that said subsection 13 did not violate the provisions of either the Federal or State Constitution, and that the tax demanded and collected was lawful, and entered judgment denying the recovery sought by the plaintiff, from which he appealed, assigning errors.

*J. M. Broughton, W. H. Yarborough, Jr., and Geo. D. Vick, Jr., for plaintiff, appellant.*
*Gholson & Gholson of counsel for plaintiff, appellant.*
*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for defendant, appellee.*

SCHENCK, J. The portion of the act under consideration is subsection 13, section 404, Public Laws 1935, and reads as follows: "In addition to the taxes levied in this act or in any other law there is hereby levied and imposed upon every person, for the privilege of using the streets and highways of this State, a tax of three per cent of the sales price of any new or used motor vehicle purchased or acquired for use on the streets and highways of this State requiring registration thereof under section 2621 (6), Consolidated Statutes, which said amount shall be paid to the Commissioner of Revenue at the time of applying for registration of such motor vehicle, or certificate of title for same. No certificate of title or registration plate shall be issued for same unless and until said tax has been paid: *Provided, however,* if such person, so applying for registration and license plate for such motor vehicle, or certificate of title therefor, shall furnish to the Commissioner of Revenue a certificate from a licensed motor vehicle dealer in this State upon a form furnished by the Commissioner certifying that such person has paid the tax thereon levied in this act, the tax herein levied shall be remitted to such person to avoid in effect double taxation on said motor vehicle under this act. The term 'motor vehicle' as used in this section shall include trailers." N. C. Code of 1935 (Michie), 7880, (156)e, subsection 13.

The foregoing subsection 13 was administratively construed to be limited to a maximum tax of $10.00 upon any single article of merchandise as is fixed in the preceding subsection 12, which reads as follows: "The maximum tax that shall be imposed upon any single article of merchandise shall be ten dollars ($10), and as an additional means of enforcement of the payment of the tax herein levied the Department of Revenue shall not issue a license plate or a certificate of title for any new or used motor vehicle sold by any merchant or licensed dealer until the tax levied for the sale of same under this act has been paid, or a certificate duly signed by a licensed dealer is filed at the time the application for license plate or title is made for such motor vehicle; such certificate to be on such form as may be prescribed by the Commissioner of Revenue, and that such certificate shall show that the said licensed dealer has assumed the responsibility for the payment of the tax levied under this act and agrees to report and remit the tax in his next regular monthly sales tax report required to be filed under this act." N. C. Code of 1935 (Michie), 7880, (156)e, subsection 12.

The position taken that the portion of the act under consideration is in contravention of the provision of the Federal Constitution that "No state shall, without the consent of Congress, levy any imposts or duties on imports or exports, . . ." Art. I, sec. 10 (2), is untenable, since this provision relates to foreign commerce and has no reference to interstate commerce. *Woodruff v. Parham,* 8 Wall., 123, 19 L. Ed., 382; *Pittsburgh & S. Coal Co. v. Louisiana,* 156 U. S., 590, 30 L. Ed., 544.

The position taken that the portion of the act under consideration impinges the provision of the Federal Constitution that "The Congress shall have the power . . . to regulate commerce . . . among the several states, . . ." Art. I, sec. 8 (3), is likewise untenable, for the reason that the tax levied is not upon articles in interstate commerce, since it does not become operative until after the purchase of the automobile has been consummated and until after it has been brought into North Carolina—the tax becomes effective only when the automobile has come to rest within the State, and then without regard to where it was purchased, and is imposed as an excise or use tax. Excise tax upon the use of an article within the State, although the article may be of out-of-state origin, does not fall under the regulation of the commerce clause of the Federal Constitution. *Bowman v. Continental Oil Co.,* 256 U. S., 642, 65 L. Ed., 1139; *Hart Refineries v. Harmon,* 278 U. S., 499, 73 L. Ed., 475; *Nashville, C. & St. L. R. Co. v. Wallace,* 288 U. S., 249, 77 L. Ed., 730. In the last mentioned case, *Mr. Justice Stone* writes: "The gasoline, upon being unloaded and stored, ceased to be a subject of transportation in interstate commerce and lost its immunity as such from state taxation."

The position taken that the portion of the act under consideration is subversive to that clause of the 14th Amendment to the Federal Constitution reading, ". . . nor shall any state deprive any person of life, liberty, or property, without due process of law," is also untenable, for the reason that the tax levied is an excise or use tax, levied and collected for the privilege of using the streets and highways in North Carolina, and not an attempt to tax transactions which take place beyond the confines of the State, over which North Carolina has no jurisdiction.

We are of the opinion, and so hold, that the tax levied by the portion of the act under consideration is neither an *ad valorem* tax nor a sales tax upon extraterritorial transactions, but is an excise or use tax, levied and collected for the privilege of operating automobiles upon the streets and highways of North Carolina. The authority to levy excise and use taxes in general is well settled in this State. *O'Berry, Treasurer, v. Mecklenburg County,* 198 N. C., 357; *Stedman, Treasurer, v. Winston-Salem,* 204 N. C., 203.

The appellants contend, however, that, conceding the Legislature was vested with the authority to levy and to provide for the collection of a general excise tax for the privilege of operating automobiles upon the streets and highways of the State, the insertion into the act of the proviso to the effect that when the person applying for registration of his motor vehicle "shall furnish . . . a certificate from a licensed motor vehicle dealer in this State . . . certifying that such person has paid the tax thereon levied in this act, the tax herein levied shall be remitted to such person to avoid, in effect, double taxation on said motor vehicle under this act," caused the act to contravene Art. I, sec. 8 (3), of the Constitution of the United States, vesting the power to regulate commerce among the several states in Congress, and Art. V, sec. 3, of the Constitution of North Carolina, providing that "Taxation shall be by uniform rule," in that it brings about a discrimination in favor of automobiles bought from North Carolina dealers and against automobiles bought outside of the State.

It must be conceded that if the tax levied discriminates against the plaintiff by reason of the fact that he purchased his automobile outside of the State, such a discrimination would be violative of the aforesaid regulatory and uniformity provisions of the Federal and State Constitutions. *Welton v. Missouri,* 91 U. S., 275, 23 L. Ed., 347. The plaintiff contends that the remission of the tax upon the furnishing of a certificate from a licensed motor vehicle dealer in this State to the effect that the sales tax had been paid, gives rise to a discrimination against him by reason of the fact that the tax is collected upon his automobile bought in Virginia and not collected (or is "remitted") upon automobiles bought in North Carolina. However, in this connection, it must

be observed that if the plaintiff, instead of purchasing his automobile in Virginia, had purchased it from a North Carolina dealer, under the provisions of the Revenue Act, he would have been required to pay to the dealer when he purchased his automobile exactly the same amount of tax as he, when he applied for the registration of his automobile bought in Virginia, was required to pay for the privilege of using the streets and highways of the State. The amount of tax exacted upon the North Carolina bought and the Virginia bought automobile is the same, namely, $10.00. There is no discrimination in so far as the amount of the tax is concerned.

While the appellant challenges the right of the Commissioner of Revenue to construe administratively subsection 13, section 404, Public Laws 1935, as subject to the same limitation of maximum tax upon any single article of merchandise as is fixed in subsection 12 of said section 404, namely, $10.00, the authority to construe all sections of the act imposing taxes is specifically given by section 507 thereof, wherein it is provided that "such decisions by the Commissioner of Revenue shall be *prima facie* correct, and a protection to the officers and taxpayers affected thereby"; and it is a well established rule of this Court that in passing upon the constitutionality of tax statutes the administrative construction and application of such statutes shall be regarded and considered. *Cannon v. Maxwell, Comr. of Revenue,* 205 N. C., 420, and cases there cited.

The plaintiff is relegated to the position that there is a discrimination in the manner in which the tax is levied and collected under the statute—his complaint being to the form rather than to the substance.

In *Gregg Dyeing Co. v. Query,* 286 U. S., 472, 76 L. Ed., 1232, involving the construction of a statute in many respects similar in principle to the act under consideration, *Chief Justice Hughes* writes: "In maintaining rights asserted under the Federal Constitution, the decision of this Court is not dependent upon the form of a taxing scheme, or upon the characterization of it by the state court. We regard the substance rather than the form, and the controlling test is found in the operation and effect of the statute as applied and enforced by the state."

*Brogden, J.,* in *Stedman, Treas., v. Winston-Salem, supra,* says: "The judicial denomination of a tax as an excise tax or a property tax is a mere use of terms and the selection of certain letters from the alphabet. The ultimate test is the operation of the tax and its practical application to the commercial transactions of life."

When the substance of subsection 13 of section 404, chapter 371, Public Laws 1935, is regarded rather than its form, and its operation tested by its practical application, it is manifest that there is no discrimination in favor of the North Carolina bought automobile over the

Virginia bought automobile by the remission of the privilege or excise tax to the owners of the former, since the result is, as stated in the act itself, "to avoid, in effect, double taxation" on automobiles bought from North Carolina dealers and to make the tax on all new bought auto-mobiles equal. There can be no discrimination when there is equality.
    Affirmed.