G. H. VALENTINE, EXECUTOR OF THE ESTATE OF CHARLES TREADWELL TRASK, DECEASED, v. EDWIN GILL, COMMISSIONER OF REVENUE.

(Filed 29 September, 1943.)

**1. Statutes § 5a—**

The whole Revenue Act of 1939 and all of its parts are to be considered *in pari materia*, and construed accordingly.

**2. Same—**

The Revenue Act of 1939, ch. 158, sec. 933, gives the Commissioner of Revenue the power to construe the said Act and such construction will be given due consideration by the courts, although it is not controlling.

**3. Taxation § 18—**

The inheritance tax of the 1939 Revenue Act is not a tax on the property, but on the transfer of the property; and, while there must be an identity of the property, which is the subject of the transfer and claimed to be recurrently taxed, to qualify for the exemption provided in sec. 12, the exemption is allowed only to the transferees as set out in secs. 3 and 4.

**4. Same—**

The exemptions from recurrent inheritance taxes within two years, allowed under sec. 12 of the Revenue Act of 1939, are applicable only to immediate current transfers of property upon which the tax is imposed; and the relationship as set out in secs. 3 and 4 must exist between the transferee and the immediate decedent from whom the property has been received.

**5. Same—**

Where inheritance taxes, under the Revenue Act of 1939, are paid on property passing from a wife's estate to her husband, who dies within less than two years thereafter leaving the same property to a sister of his deceased wife, a second inheritance tax must be paid thereon.

APPEAL by plaintiff from *Alley, J.*, at March Term, 1943, of HENDERSON.

This is a "controversy without action" submitted under authority of sections 626, 627, and 628 of the Consolidated Statutes, and heard by

consent of parties by Judge Felix E. Alley, without a jury, at the March, 1943, Term of Henderson Superior Court. It is brought here by the plaintiff's appeal from the judgment therein rendered.

The controversy concerns the validity of an inheritance tax imposed by Article 1, section 1, of the Revenue Act of 1939—chapter 158, Public Laws of 1939—on a transfer of property coming into the hands of the plaintiff, executor under the will of Charles Treadwell Trask, with respect to a devise and bequest to Carrie A. Marsh, sister of the deceased wife of the testate.

The facts essential to an understanding of the appeal are as follows:

On 3 March, 1939, Kathleen M. Trask died intestate, leaving her husband, Charles Treadwell Trask, her sole distributee, and under the law, entitled to all her personal property remaining for distribution after settling the estate. He thus acquired from the estate of his wife net assets in the sum of $9,849.30, part of which was paid to him during his lifetime, and part of which was paid to his executor by the administrator of his wife's estate. The inheritance tax upon this transfer was duly paid.

On 8 February, 1940, the said Charles Treadwell Trask died, leaving a last will and testament in which, after providing for two small legacies, he left the remainder of his property to Carrie A. Marsh, sister of his late wife. It is agreed that·the amount of the residuary bequest to Carrie A. Marsh is $7,840.80, and that it was part of the property acquired by Trask from the estate of his wife in the manner above described. Upon this transfer to Carrie A. Marsh, the defendant Commissioner of Revenue demanded the inheritance tax which he conceived to be imposed by the above cited provisions of the Revenue Act. The plaintiff executor paid the tax under protest, demanded its refund in apt time, and brought this action for its recovery. Revenue Act, section 936. The actual recovery demanded by the plaintiff is in the sum of $617.96—since it is admitted that the legacies provided in the will constituted taxable transfers. The amount named is the tax computed on the value of the assets acquired by Trask from his wife's estate and bequeathed to Carrie A. Marsh, his deceased wife's sister.

From a judgment of the court below upholding the tax, plaintiff appealed, assigning error.

*G. H. Valentine for plaintiff, appellant.*

*Attorney-General McMullan and Assistant Attorney-General Adams for defendant, appellee.*

SEAWELL, J. Section 1 (Article 1) of the Revenue Act—chapter 158, Public Laws of 1939—imposes an inheritance tax upon transfers of

property at a scheduled rate, applicable to the classes named, as set out in sections 3, 4, and 5, respectively, designated as Classes A, B, and C. We are more immediately concerned with sections 3 and 4, certain provisions of which are by reference incorporated in section 12. The latter section exempts from recurring taxes within two years under the conditions therein named. It is as follows:

"SEC. 12. RECURRING TAXES.—Where property transferred has been taxed under the provisions of this article, such property shall not be assessed and/or taxed on account of any other transfer of like kind occurring within two years from the date of the death of the former decedent: Provided, that this section shall apply only to the transferees designated in Sections three and four of this article."

By the proviso in this section the exemption is limited to transferees designated in sections 3 and 4 of the statute, and to this we must look for their definition. Section 3 designates certain Class A beneficiaries, who are defined as lineal issue or lineal ancestor, or husband or wife of the person who died possessed of such property, or stepchild of such person, or child adopted by the decedent according to applicable law. The transferees designated in section 4 as Class B beneficiaries are defined as follows: The brother or sister, or descendant of either, or the uncle or aunt by blood of the person who died possessed. There is a further class, C, consisting of strangers to the blood, which is mentioned here only in connection with what we may further have to say as to the policy of the law.

Carrie A. Marsh, the residuary beneficiary under the will of Trask, is the sister of Kathleen M. Trask, from whom the property was derived through the succession of Trask under the intestate laws during the two-year period, but is a stranger to Trask, from whom she received the property, with respect to any relationship mentioned in sections 3 and 4 as conditions necessary to the exemption. The taxability of the transfer under the will, therefore, depends on whether she must rely for the exemption on a relationship to Trask, the decedent from whom she received the property, or may be permitted to establish such relationship with Kathleen M. Trask, from whom the property was mediately derived. This resolves itself substantially into the question: What decedent does the statute intend to designate as "the person who died possessed" of the property, as used in sections 3 and 4? Does it mean *any* person who may have died possessed during the two-year period, or does it refer only to the decedent concerned with the transfer sought to be taxed?

If the statute under consideration were doubtful or equivocal in its significance, there might be more need to rely upon the rules of construction presented to us by the contending parties. In terms the

Revenue Act gives to the Commissioner of Revenue the power to construe the law—section 933—and such construction will be given due consideration by the courts, although it is not controlling. *Reade v. Durham,* 173 N. C., 668, 92 S. E., 712; *Commissioners v. Board of Education,* 163 N. C., 404, 408, 79 S. E., 886. It is pointed out by the defendant Commissioner that it has been so construed as to make the tax applicable under the facts of this case; that this construction has had the approval of the Attorney-General in an advisory opinion, controlling upon the Department until reversed or modified by court action; and that it has been uniformly followed in the administration of the law and presumably acquiesced in by the Legislature, which has not seen fit to make any modifying amendment. *Robertson v. Downing,* 127 U. S., 607, 32 L. Ed., 269; *Helvering v. Winmill,* 305 U. S., 79, 82 L. Ed., 52; *Powell v. Maxwell,* 210 N. C., 211, 186 S. E., 326; *Cannon v. Maxwell,* 205 N. C., 420, 171 S. E., 624; *Hannah v. Board of Commissioners,* 176 N. C., 395, 97 S. E., 160; *Commissioners v. Board of Education, supra; Gill v. Commissioners,* 160 N. C., 176, 76 S. E., 203. The defendant further points out that the exemption sought under section 12 is in the nature of an exception to the general taxing provisions of the statute—section 1 of this article—and that the burden rests upon the plaintiff to show that the beneficiary of the estate he represents is qualified for the exemption by bringing her within these exceptive provisions of the law, strictly construed. *Odd Fellows v. Swain,* 217 N. C., 632, 9 S. E. (2d), 365; *McCanless Motor Co. v. Maxwell,* 210 N. C., 725, 188 S. E., 389; *Stedman v. Winston-Salem,* 204 N. C., 203, 205, 167 S. E., 813. All of which must be conceded. On the other hand, the plaintiff urges upon us that the incidence of the law upon the party and property taxed, and the consequences of its enforcement, must be considered in construing it; and if we should conceive the Act as having two possible meanings with reasonable doubt as to which was intended, this, too, is within recognized rules of interpretation. *Trust Co. v. Young,* 172 N. C., 470, 90 S. E., 568; *S. v. Johnson,* 170 N. C., 685, 86 S. E., 788; *Tax Commission v. Harrington,* 126 Md., 157, 94 A., 537. Thus, the plaintiff contends that the construction placed upon the law by the Commissioner has resulted in bringing about a recurrent taxation within the two-year period on the transfer of property actually derived, although mediately, from a sister of the beneficiary, which it is contended is against the spirit of the law, contrary to its policy, and an event which section 12 of the Revenue Act, properly construed, was intended to prevent.

We think, however, that we need hardly go much further than the grammatical construction and syntax of the law to find its meaning.

The categories of relationship named in sections 3 and 4 are stated with that precision which is necessary to a taxing measure, and are both inclusive and exclusive, and are controlling in applying the exemption. To qualify for the exemption there must, of course, be an identity of the property which is the subject of the transfer and claimed to be recurrently taxed. However, the tax is not on the property, but on the transfer; and the exemption is to the transferee. *Trust Co. v. Maxwell,* 221 N. C., 528, 20 S. E. (2d), 840; *Hagood v. Doughton,* 195 N. C., 811, 143 S. E., 841.

When there have been successive transfers of the property during the two-year period, we think there is sound reason for holding that the law intends to limit and define the exemption to the circumstances attending the immediate transfer sought to be taxed, and to limit the transferee claiming the exemption to the relationship existing between such transferee and the decedent from whom the estate is received—such transferee must be a Class A or Class B beneficiary of such decedent.

The whole Revenue Act, of which section 12 and its inclusive references are a part, has a connotation of application to the current transfer upon which the tax is imposed—and all of its parts are to be considered *in pari materia.* This is particularly true of sections 3 and 4, which are more definitely expressive of the general intent of the exempting section 12. There the significant terms referred to in section 12 are connected with other matters too obviously concerned with the current transfer to be ignored—the classifications and applied rates. So connected, the term "person who died possessed of the property," nothing else appearing, would leave no doubt that it had reference to the immediate transfer. We cannot see that it is further generalized by anything we find in section 12. Each of the terms incorporated in section 12 by reference to sections 3 and 4 have, by their syntax, the same connotation—*noscitur a sociis.*

If it were necessary to invoke any policy to sustain the construction of the statute, which we regard as unambiguous, we think it may be found in the Act itself. Radical differences in the rate of the tax imposed are observed between Classes A, B, and C—proceeding from those most intimately related by consanguinity and domestic ties, through the class less closely related, down to utter strangers. It is not remarkable that this policy should be reflected when we come to total exemption from recurrence of the tax within the two-year period. The Act reflects the same philosophy which underlies the statutes of descent and distribution. It recognizes in the decedent the privilege of disposition of his property; and, if not the moral and social obligations which rest upon him with respect to its exercise, yet, indeed, the fitness of his provision for those more closely related to him by consanguinity or marital ties. This

privilege may be exercised either by testamentary disposition or by leaving his property to be distributed under the law—which he may find to be in accord with his desire; as, indeed, public policy, as reflected in the statutes of descent and distribution when that desire is left unexpressed, is in substantial agreement with a natural, voluntary distribution. There is, therefore, a sound basis for the exemption provided in the Act when we confine it to the immediate transaction—none at all when we extend it to more remote transfers which do not contemplate the adventitious transfer to a person who happens to be related within the categories prescribed in the Act to a former decedent from whom the property is derived.

It cannot be denied that there is a relationship between all of the parties to this transaction, which has a moral appeal. · In the exercise of its prerogative the Legislature might have extended the exemption to cover the facts and circumstances of this case; but it has not done so, and we cannot amend the law—nor do we suggest that the Legislature has been unwise in the exercise of its discretion. Simply stated, the bequest to Carrie A. Marsh is taxable because of her want of relationship to the testator within the categories named in the exemptive provisions of the law.

The judgment of the court below is
Affirmed.