CHARLOTTE COCA-COLA BOTTLING COMPANY, A CORPORATION, v. EUGENE G. SHAW, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 9 June, 1950.)

**1. Taxation § 1c—**

The power to classify subjects of taxation carries with it the discretion to select them, and a wide latitude is accorded taxing authorities, particularly in respect of occupational taxes, under the power conferred by Art. V, Sec. 3, of the Constitution of North Carolina.

**2. Taxation § 1a—**

The General Assembly may levy a tax on one aspect of a business or occupation and also an additional tax on another aspect or different development of the business of the same taxpayer, provided the tax applies equally to all in the same class, since double taxation, as such, is not prohibited by the Constitution and is valid if the rule of uniformity is observed.

**3. Taxation § 30—**

A bottling company which owns and distributes as a part of its business a large number of machines for distributing its product which it places on location with merchants and others under agreement, is liable for the occupational tax of $100.00 levied under the provisions of G.S. 106-65.1 and is also liable for a tax of $15.00 on each such distributing machine under G.S. 105-65.2, and the statute is not so uncertain and vague as to be unenforceable.

**4. Same—**

The tax of $15.00 on each soft drink dispensing machine levied by G.S. 105-65.2 applies regardless of whether the distributor controls the coin box keys and collects the intake, paying a fixed rent or share of the receipts

to the owner of the premises, or charges the retailer a fixed amount for servicing the machines and permits the retailer to control the coin box keys and retain the intake.

**5. Taxation § 23½—**

The construction given a taxing statute by the Commissioner of Revenue, though not controlling, will be given consideration by the courts. G.S. 105-264.

**6. Same—**

Where a taxing statute uses the alternative conjunction "or" it creates tax liability on any coming within a description permissible under the statute.

APPEAL by plaintiff from *Patton, Special Judge,* February Term, 1950, of MECKLENBURG. Affirmed.

This was an action to obtain refund of taxes paid under protest. The Commissioner of Revenue levied assessment for license taxes for 3 years on plaintiff corporation as distributor of coin operated drink dispensers, under G.S. 105-65.1. On agreed facts the court held plaintiff not entitled to the refund claimed, and dismissed the action. Plaintiff appealed.

*Shannonhouse & Bell and Raymond W. Bradley, Jr., for plaintiff, appellant.*

*Attorney-General McMullan and Assistant Attorneys-General James E. Tucker and Peyton B. Abbott for defendant, appellee.*

DEVIN, J. From the facts agreed it appeared that plaintiff was engaged in the business of bottling and selling Coca-Cola at wholesale, and in connection therewith owned and distributed a number of machines equipped to dispense or deliver bottled Coca-Cola upon the insertion of a coin. These machines or dispensers were placed on location by plaintiff in stores and other places under agreement that plaintiff, retaining title, should install the machines and keep them supplied with bottles of Coca-Cola and ice; the merchant to pay as compensation therefor 10c more per case of Coca-Cola than the regular price, the merchant to retain key to coin box of the machine and remove the coins at will. The compensation received by plaintiff was not more than the cost of the service, but profit was derived from increased sales of Coca-Cola. Plaintiff was free to cease to furnish merchandise or to remove the machines at any time.

In view of the business thus conducted the Commissioner of Revenue levied assessment on plaintiff for the annual occupation tax of $100 imposed by G.S. 105-65.1 on distributors of drink dispensers, and also for an additional tax of $15 per machine on each of these vending machines

placed by plaintiff with its customers. Payment was made under protest and suit instituted to recover.

The pertinent parts of the statute (G.S. 105-65) under which this tax was claimed are as follows:

"(1) Every person . . . engaged in the business of operating, maintaining or placing on location anywhere within the State of North Carolina any merchandising dispenser, in which is kept any article of merchandise to be purchased, . . . shall apply for and procure . . . a statewide license to be known as an annual distributor's or operator's license, and shall pay for such license the following tax: Distributors or operators of drink dispensers $100.

"(2) In addition to the above annual distributor's or operator's license, every person, . . . distributing or operating any of the above dispensers . . . shall apply for and obtain . . . a statewide license for each dispenser . . ., and shall pay therefor the following tax: Drink dispensers $15."

The power of the General Assembly to enact the statute quoted is not questioned by the appellant, but the view is urged upon us that the transactions engaged in by the plaintiff upon which the assessment was levied do not come within the terms of G.S. 105-65.1, and further that the terms of the statute are so uncertain and vague as to render it unenforceable and therefore void.

It has been declared by this Court that the power to classify subjects of taxation carries with it the discretion to select them, and that a wide latitude is accorded taxing authorities, particularly in respect of occupation taxes, under the power conferred by Art. V, sec. 3, of the Constitution. *Leonard v. Maxwell,* 216 N.C. 89 (94), 3 S.E. 2d 316; *Henderson v. Gill,* 229 N.C. 313, 49 S.E. 2d 754; *Mining Co. v. Lord,* 262 U.S. 172. Double taxation, as such, is not prohibited by the Constitution, and is not invalid if the rule of uniformity is observed. 51 A.J. 338. By levying an excise tax on one aspect of a business or occupation the State is not precluded from levying an additional tax on another aspect or different development of the business of the same taxpayer, if the tax applies equally to all in the same class and there is reasonable ground for the distinctive classification. *Express Co. v. Charlotte,* 186 N.C. 668 (675), 120 S.E. 475; *S. v. Bridgers,* 211 N.C. 235, 189 S.E. 869; *Snyder v. Maxwell,* 217 N.C. 617, 9 S.E. 2d 19; *Nesbitt v. Gill,* 227 N.C. 174, 41 S.E. 2d 646; *Henderson v. Gill,* 229 N.C. 313, 49 S.E. 2d 754; *Hertz v. Louisville,* 294 Ky. 568, 147 A.L.R. 306. Thus, the same person may be required to pay an occupation license tax as a merchant, and also an additional tax for selling cigarettes, and another tax on each coin operated vending machine, and different rates on different machines according to the class of merchandise dispensed. *Snyder v. Maxwell, supra.*

Here, the plaintiff is engaged in the business of bottling and selling Coca-Cola at wholesale, and in connection therewith owns and distributes as part of its business a large number of machines for dispensing bottles of Coca-Cola, and places them on location with merchants and others under agreement. It is thus "engaged in the business of placing on location" within the state "merchandising dispensers." Its transactions come within the terms of the statute requiring payment of an occupation license tax therefor of $100. We think plaintiff liable for the tax imposed by subsection (1) of the quoted statute upon "distributors of drink dispensers."

The statute, subsection (2), prescribes also that "in addition to the above annual distributor's license" every person distributing any of the above dispensers shall pay on each drink dispenser distributed a tax of $15.

It may be noted, as evidence that the Legislature regarded operations such as carried on by this plaintiff as being covered by G.S. 105-65.1, that a statute was enacted in 1949, now codified as G.S. 105-250.1, which provides that every person who owns and places on location other than on his own premises, under any lease or rental agreement, coin operated machines of any type whatsoever upon which tax is levied under G.S. 105-65.1, "hereinafter referred to as a distributor," shall file a quarterly information report with the Commissioner of Revenue. Apparently the purpose of this statute is to enable the Commissioner of Revenue to be advised as to the number of machines placed on location by the distributor; as otherwise there would be no necessity for such a report from one who pays a single annual occupation license tax. The implication is permissible that a tax on each machine was regarded as having been imposed by G.S. 105-65.2, and was so acted upon by the Commissioner of Revenue. The construction given a taxing statute by the Commissioner of Revenue will be given consideration by the Court, though not controlling. G.S. 105-264; *Knitting Mills v. Gill,* 228 N.C. 764, 47 S.E. 2d 240; *Valentine v. Gill,* 223 N.C. 396, 27 S.E. 2d 2; *Powell v. Maxwell,* 210 N.C. 211, 186 S.E. 326.

We think the operations of the plaintiff as shown by the agreed facts come within the terms of the statute, and that the statute is not so uncertain and vague as to be unenforceable.

The appellant also argues that the statute, G.S. 105-65.1, was intended to cover only what is known as the operation of a "vending machine route," rather than the transactions carried on by the plaintiff. The business so denominated as appears from the facts agreed consists in purchasing merchandise at wholesale and retailing it through coin operated machines which are placed on location on the premises of others who shelter the machine for a fixed rent or for a share of the receipts.

The operator of the "route" visits the locations at intervals, fills these machines with merchandise and collects the intake, retaining control of the machines by holding the coin box keys.

We cannot agree that the business thus described is the only classification of distributors of drink dispensers intended to be selected by the lawmakers, or that it would relieve the plaintiff of liability for the taxes imposed by G.S. 105-65.1. Agreement that license tax on the machine or dispenser should be assumed by the merchant with whom placed would not relieve the plaintiff if under the statute it is liable therefor.

The frequent use in the statute of the alternative conjunction "or" has the effect of enlarging the scope of tax liability, and bringing within the purview of the statute all the persons and subjects therein designated, and permitting a choice of any therein defined. The department charged with the collection of license taxes, therefore, had the duty to enforce tax liability on any coming within a description permissible under the language of the statute.

The ruling of the court below that the plaintiff was not entitled to refund of the taxes paid must be

Affirmed.