BIGGERS BROTHERS, INC. v. G. A. JONES, JR., COMMISSIONER OF REVENUE, STATE OF NORTH CAROLINA

No. 83

(Filed 1 February 1974)

Taxation §§ 2, .15— soft drink tax — classification of products — methods of payment — no discrimination

Where the Soft Drink Tax Act divided taxable products into the three categories of bottled soft drinks, soft drink powders and soft drink syrups, provided for payment of the tax by means of tax stamps and taxpaid crowns, and further provided an alternate method of payment by which a distributor could report his monthly sales and pay the tax thereon without affixing stamps but limited such alternate method only to bottled drinks and powders, plaintiff did not show that failure of the Legislature to provide the alternate payment method to soft drink syrups was unconstitutional and void as discriminatory.

APPEAL by plaintiff from *Hobgood, J.,* March 12, 1973 Session, WAKE Superior Court.

The plaintiff, Biggers Brothers, Inc., a North Carolina corporation dealing in bottled soft drinks, soft drink powders, and soft drink syrups, instituted this civil action on May 26, 1970, against the Commissioner of Revenue praying for the following relief:

1. That the court order a refund of $237.50 paid for 250 stamps which the plaintiff was required to purchase and

to affix to containers of soft drink syrups as required by the Soft Drink Tax Act and the Administrative Rules adopted by the North Carolina Department of Revenue. Particularly, the plaintiff contends it should have been permitted to discharge its tax liability for soft drink syrups by monthly payments rather than by the use of tax paid stamps.

2. That the court declare G.S. 105-113.51, 105-113.56A and Administrative Rules Nos. 1, 2 and 3 of the Department of Revenue unconstitutional and void.

3. That the plaintiff and others similarly situated be permitted to pay the tax due on sales of soft drink syrups under the alternate (monthly payment) plan now applicable to bottled soft drinks and soft drink powders.

The plaintiff alleged the refusal of the Commissioner to allow it to pay the tax on syrup based products on a monthly basis rather than to require stamps or crowns, was an unlawful discrimination and denied the plaintiff its constitutional rights to due process and equal protection of the laws guaranteed by the State and United States Constitutions.

The Attorney General answered for the Commissioner admitting that the plaintiff is a distributor of (1) bottled soft drinks, (2) soft drink powders, and (3) soft drink syrups; that the three classifications under the law and the Revenue Department regulations are valid, proper, and nondiscriminatory. The regulations apply to all distributors exactly alike. The law and the regulations provide for an alternate method of the payment of taxes on bottled soft drinks and on soft drink powders, but not on soft drink syrups. The stamps which the plaintiff purchased and attached to the containers of soft drink syrups were required of all distributors. The Attorney General moved to dismiss the plaintiff's action.

The parties in pre-trial conferences waived a jury trial, stipulated that the court, without a jury, should make findings of fact, state conclusions of law, and render judgment. In addition to the pleadings, the court had before it the Revenue Commissioner's Applicable Rules 1, 2 and 3 and an affidavit filed by each party. The tax imposed on bottled soft drinks is one cent per bottle; on soft drink powders is one cent per ounce, and on soft drink syrups is $1.00 per gallon.

The Director of Privilege License, Beverage and Cigarette Tax Division of the North Carolina Department of Revenue filed an affidavit which disclosed that during the year 1972, 219 distributors paid tax on bottled soft drinks; 180 distributors paid the tax on bottled soft drinks under the alternate plan; and 39 paid the tax by the attachment of stamps. During the same period, 51 paid distributor's tax on soft drink powders by monthly check and 50 paid by the purchase and attachment of stamps. During the same period, 218 paid the tax on soft drink syrups by the attachment of stamps and only one (the plaintiff) attempted to pay by monthly check.

The plaintiff, by brief and oral argument, contended that G.S. 105-113.45 and the Administrative Rules promulgated under G.S. 105-113.63 unduly discriminated against the plaintiff and others similarly situated by requiring the payment of the tax by the attachment of stamps rather than by monthly check.

After full hearing, Judge Hobgood entered judgment from which the following is quoted:

"5. Bottled soft drinks and certain dry soft drink powders, syrups and base products, including those sold and distributed by the plaintiff are subject to taxation under the provisions of the Soft Drink Tax Act.

"6. In connection with the administration of the Soft Drink Tax Act, the defendant has issued Administrative Rules 1, 2 and 3 copies of which were received in evidence. With respect to bottled soft drinks, the Act and Administrative Rule 1 provide for payment of the tax by means of tax stamps and taxpaid crowns, and also provide an ALTERNATE method of payment by means of which a resident distributor or wholesaler may report his monthly sales and pay the Soft Drink Tax thereon without affixing stamps or crowns. With respect to those soft drink powders subject to the tax, and to those products which are taxed as powders, the Act and Administrative Rule 2 provide for payment of the tax by means of tax stamps, and also provide an OPTIONAL method of payment by means of which a distributor or wholesale dealer may report his monthly sales and pay the Soft Drink Tax thereon without affixing stamps. With respect to soft drink syrups and liquid soft drink base products taxed as syrups, the Act and Administrative Rule 3 provide for payment of the tax only by means of tax

stamps, which may be either affixed to the container by the distributor or wholesaler, or imprinted upon the container by the manufacturer thereof.

\* \* \* \*

"11. There were approximately 339 licensed distributors, wholesale dealers and retail dealers paying tax upon soft drink syrups taxed under G.S. 105-113.45(a) and (c), only one of which (the plaintiff herein) was paying the tax by a means other than taxpaid stamps imprinted upon or affixed to containers of soft drink syrups."

Judge Hobgood, based on the findings of fact, entered conclusions of law here quoted:

"2. The General Assembly has, in the Soft Drink Tax Act, subclassified taxable soft drink products into three categories: bottled soft drinks; soft drink powders; and soft drink syrups.

"3. The foregoing subclassifications of taxable soft drink products are based upon reasonable distinctions among the subclasses of products classed and are not arbitrary."

The court entered judgment dismissing the action.

The plaintiff gave notice of appeal to the Court of Appeals and at the same time filed in this Court a petition, as provided in G.S. 7A-31, requesting a certification for review here prior to review by the Court of Appeals. This Court allowed the motion on September 12, 1973.

*Broughton, Broughton, McConnell & Boxley by J. Melville Broughton, Jr. and John D. McConnell, Jr. for plaintiff appellant.*

*Robert Morgan, Attorney General, by Myron C. Banks, Assistant Attorney General, for defendant appellee.*

HIGGINS, Justice.

Under the Soft Drink Tax Act the State levies on the distributor a tax of one cent on each bottled drink; one cent on each ounce of soft drink powders, and $1.00 on each gallon of soft drink syrup. Tax stamps must be purchased from the State and attached to the containers showing the distributor has

Biggers Brothers v. Jones, Comr. of Revenue

paid the tax. An alternate method of tax payment, at the election of the distributor, is authorized in the case of bottled soft drinks and soft drink powders. In lieu of the purchase and attachment of stamps, the distributor may give bond, keep records, and on the fifteenth of each month pay the tax for the previous month. The alternate method of payment is not made applicable to the tax on syrups.

The alternate method of tax payment on bottled drinks and powders dispenses with the printing, purchase, and attachment of one hundred stamps for each dollar of tax revenue. In the case of syrups, the purchase and attachment of one stamp will produce $1.00 in tax revenue. Placing the bottles and powders in one category and syrups in another for tax purposes is proper and justified.

The record discloses that in actual operations some dealers in bottled soft drinks and in soft drink powders discharged their tax liability as provided by the alternate method. Other dealers bought and attached stamps or crowns and did not avail themselves of the monthly payment provision of the Soft Drink Tax Act. All dealers, however, except the plaintiff bought and attached stamps to the containers of soft drink syrups. The plaintiff did purchase 250 stamps at $1.00 each apparently to attach to 250 gallons of soft drink syrup, but otherwise, it sought to apply the alternate method of deferred payments which it asks the court to approve and demands the return of the amount paid for the 250 stamps. The plaintiff asks that the Revenue Department be directed to permit it to pay its tax on soft drink syrups on the fifteenth of each month for the purchases for the prior month and that it be not required to purchase and attach stamps.

By admissions in the brief, the plaintiff makes it plain that it does not challenge the validity of the soft drink tax or the three classifications, but it does contend that the failure of the Legislature to provide the alternate payment method to soft drink syrups which it applies to bottled drinks and powders is unconstitutional and void as discriminatory.

The plaintiff's brief, however, states:

"The plaintiff raises no issue with respect to the constitutionality of the Soft Drink Tax Act *per se*, nor to the division of taxable products into three categories (namely,

bottled soft drinks, soft drink powders, and soft drink syrups). Nor is any issue raised regarding the rate of tax applicable to each type of product. Its complaint is addressed specifically to the manner in which the tax upon taxable syrups is collected, in comparison with the method applicable to the collection of the tax on taxable powders and bottled soft drinks."

Judge Hobgood properly concluded that the method of payment by attaching stamps on soft drink syrups was not discriminatory and not in violation of the plaintiff's rights. The lawmaking body, as it had a right to do, made classifications for tax purposes. "Acting within the limits of our Constitution, a large field is afforded the Legislature in its choice of subjects for taxation. When these subjects are segregated by descriptions or definitions with reasonable clearness,—the classification reasonable and the distinctions made not arbitrary or capricious,—the imposition of the tax is not assailable." *Henderson v. Gill, Comr. of Revenue,* 229 N.C. 313, 49 S.E. 2d 754. See also *Rigby v. Clayton, Comr. of Revenue,* 274 N.C. 465, 164 S.E. 2d 7; *Bottling Co. v. Shaw, Comr. of Revenue,* 232 N.C. 307, 59 S.E. 2d 819; *Whitney v. California,* 274 U.S. 357, 71 L.Ed. 1095, 47 S.Ct. 641.

The plaintiff cannot make out a case of discrimination. The tax burden falls equally upon all members of the class. In *Snyder v. Maxwell, Comr. of Revenue,* 217 N.C. 617, 9 S.E. 2d 19, the Court held: "It is clear that the Legislature has not exhausted its power of classification by making a distinction as to the manner in which an article is sold—as, for example, through mechanical devices—but it may make a further classification or sub-classification within reasonable limits with reference to the kinds of goods, wares, and merchandise which are so sold from them; and the fact that they are all sold in a similar manner will not defeat the further classification of the privilege."

Finally, the plaintiff makes it clear in its brief that it recognizes the distinction in the three categories subject to the soft drink tax. The plaintiff's brief contains the following: "Again, it is emphasized that plaintiff does not attack the tax itself, but only the collection method; . . . "

From the point of view of the plaintiff, the Court recognizes the plaintiff could save time and money if it were permitted to pay by check on the fifteenth of each month, but the

Court is not the forum in which the plea should be heard and determined. The appeal for relief sought should be made to the General Assembly and not to the Court. As said by the Supreme Court of the United States in *Tappan v. Merchants National Bank*, 19 Wall. 490, 22 L.Ed. 189: "The constitution does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands. When assessed the tax may be collected in the manner the law shall provide; and this may be varied to suit the necessities of each case." In *Missouri, K. & T. Trust Co. v. Smart*, 51 La. Ann. 416, 25 So. 443, the Court said: "The constitutional requirement that taxation shall be equal and uniform applies to the levy, and not the method of collecting the tax."

The plaintiff's concessions in the brief, the evidence, the pleadings, the findings and conclusions of law by the trial court amply support the court's judgment. The record fails to disclose any reason why the judgment should be disturbed.

Affirmed.