FIELDCREST MILLS, INC. v. J. HOWARD COBLE, SECRETARY OF REV-
ENUE FOR THE STATE OF NORTH CAROLINA

No. 7417SC552

(Filed 2 October 1974)

Taxation § 29— merger of parent and subsidiary — carry-over of loss —
continuity of business enterprise

Where a wholly-owned subsidiary was merged into its parent corporation, the subsidiary had assets of $1,767,999 at the time of the merger, and the subsidiary conducted a different type of business than that conducted by the parent, there was no continuity of business enterprise and the surviving corporation was not entitled under G.S. 105-130.8 to carry forward and deduct from its income taxes a net economic loss incurred during the preceding year by the subsidiary since the parent corporation has been altered, enlarged and materially affected by the merger.

Mills, Inc. v. Coble, Sec. of Revenue

APPEAL by plaintiff from *Winner, Special Judge,* 4 February 1974 Civil Session, ROCKINGHAM Superior Court. Heard in the Court of Appeals 27 August 1974.

Plaintiff instituted this action pursuant to G.S. 105-267 for the refund of corporation income taxes for the taxable year 1970 paid by the plaintiff to the defendant. The plaintiff claimed a deduction on its North Carolina income tax return for the year 1970 of $485,164 by reason of the net economic loss incurred by a wholly-owned subsidiary of the plaintiff, Foremost Screen Print, Inc., (Screen Print) in 1969. Screen Print was merged into the plaintiff on 31 December 1969. The Secretary of Revenue disallowed the tax deduction and assessed the deficiency which now forms the basis for the plaintiff's cause of action.

The plaintiff is a manufacturer of household textile products. Some of these products are printed with various designs. Screen Print was organized by the plaintiff in 1962 for the principal purpose of printing textile products manufactured by the plaintiff.

At the time of the organization of Screen Print, the plaintiff owned all 1600 issued and outstanding shares of voting preferred stock and 400 of the 800 issued and outstanding shares of common stock. On 10 March 1967, the plaintiff acquired the remaining shares of outstanding common stock.

Screen Print has at all pertinent times been engaged in the screen printing of textile products and in the year 1969 did approximately 63% of its business with the plaintiff. In 1969, Screen Print incurred a net economic loss of $485,164.

The total assets of Screen Print, at the time of the merger, amounted to $1,767,999 with a net value of $1,221,337. After the merger, the former Screen Print was operated at the same location with the same employees and in substantially the same manner as before.

Upon an adverse judgment by the trial judge upholding the assessment of the deficiency, the plaintiff appeals.

*Attorney General Robert Morgan by Assistant Attorney General George W. Boylan for the defendant appellee.*

*Womble, Carlyle, Sandridge & Rice by John L. W. Garrou for plaintiff appellant.*

CAMPBELL, Judge.

The plaintiff contends, pursuant to G.S. 105-130.8, that following the merger of Screen Print, a wholly-owned subsidiary, into its parent, Fieldcrest Mills, Inc., the surviving corporation (Fieldcrest) can carry forward and deduct a net economic loss incurred during the preceding year by the subsidiary, (Screen Print). The plaintiff relies in its argument for allowing the deduction on the continuity of business enterprise test as defined in federal and North Carolina cases.

As the plaintiff has pointed out in its brief, the continuity of business enterprise test as espoused in *Libson Shops, Inc. v. Koehler*, 353 U.S. 382, 1 L.Ed. 2d 924, 77 S.Ct. 990 (1957), was referred to by our Supreme Court in *Distributors v. Currie*, 251 N.C. 120, 126, 110 S.E. 2d 880, 884 (1959), to-wit: "The decision in the *Koehler* case rests on a lack of 'continuity of business enterprise.' This expression has a definite and well defined meaning. There is continuity of business enterprise when the income producing business has not been altered, enlarged or materially affected *by the merger*." The court thereafter cited two cases as illustrative of the application of the test. From the nature of the cases cited, it is clear that North Carolina adopts a strict line in allowing the carry-over of net economic loss to other corporate entities. In one case, a shell corporation was formed in another state into which a manufacturing company with net economic losses was merged. In the other, a holding company was formed to avert financial disaster, a manufacturing company being merged into it. In both cases, the surviving corporation was allowed to carry forward net economic losses of the merged manufacturing company because there was no change in business, only a change in name.

In *Distributors v. Currie, supra,* there were three corporations engaged in the same business—the sale and distribution of Bibles, books and literature. All three were eventually merged, the surviving corporation having the same shareholders owning stock in the same proportions as they had owned it in the three corporations prior to the merger. The court held this did not constitute continuity of business enterprise under the test as applied in merger cases. See also *Poultry Industries v. Clayton,* 9 N.C. App. 345, 176 S.E. 2d 367, *cert. denied,* 277 N.C. 351 (1970).

The plaintiff seeks to distinguish *Distributors v. Currie, supra,* and similar cases on the ground that the merger of a

wholly-owned subsidiary into its parent is not the same as the merger of corporations which are commonly owned by the same shareholders. This distinction is presumably supported on the basis that the "enterprise," as referred to in the continuity test, encompasses a parent-subsidiary group as an entire group. However, the test as defined in *Distributors v. Currie, supra,* is in terms of alteration, enlargement, etc. of the income-producing business. The court, in speaking of the holding company situation referred to above, said, " 'If it had owned any business or property other than the stock and obligations of the (constituent corporation), there would be reason for denying to the corporation resulting from the merger the right to deduct such loss from its income.' (Parentheses ours.)" *Distributors v. Currie, supra,* at 127, quoting *Cotton Mills v. Commissioner of Internal Revenue,* 61 F. 2d 291, 294 (4th Cir. 1932). Then further, referring to the facts of *Distributors v. Currie, supra,* at 127, the court said: "By virtue of the merger a larger and more expanded business came into being and included all of the former income producing businesses. There was no continuity of the business of either of the constituent corporations. By reason of the merger a new and more extensive enterprise has emerged. This new enterprise did not suffer the loss and cannot claim a deduction therefor."

The "enterprise" under the North Carolina view of the business continuity test would be expanded by plaintiff's view and is not in accord with the test applied in North Carolina. A parent-subsidiary scheme of ownership does not aid the plaintiff in the carry-over of net economic loss under G.S. 105-130.8.

In *Manufacturing Co. v. Clayton,* 265 N.C. 165, 143 S.E. 2d 113 (1965), there was a merger of a wholly-owned subsidiary into its parent. The issue was whether the gain realized by the parent, though unrecognized under G.S. 105-144(c) would nevertheless be offset against the parent's net economic loss thereby eliminating the ability of the parent to carry forward its losses into succeeding years. In holding that the gain would offset net economic losses of the parent, the court said as follows:

"It seems clear that the nonrecognition principle embodied in G.S. 105-144(c) was to permit a corporation to simplify its corporate structure, and to relieve a parent corporation from tax liability liquidation gains realized in a particular year as a result of corporate liquidation. However, the instant case on the precise basic question . . . does

not involve taxation of liquidation gains or the public policy embodied in G.S. 105-144(c). The . . . case is concerned with the application of the net economic losses provisions of G.S. 105-147(9)(d) [now covered by G.S. 105-130.8], and the only pertinent public policy considerations are those which underlie this particular section of the statute." *Manufacturing Co. v. Clayton, supra,* at 170.

The court construed the *gain* realized on the liquidation as coming under the provision of G.S. 105-147(9)(d)(2), to-wit, that "net economic loss . . . shall mean the amount by which allowable deductions for the year . . . *shall exceed income from all sources in the year including any income not taxable under this article.*" (Emphasis added.) The provision is in substance the same as present G.S. 105-130.8(2). The emphasized portion of the statute covered the *gain* realized on the liquidation even though it went unrecognized under the liquidation provision. There is no similar language allowing a carry-over for *losses* from collateral sources in G.S. 105-130.8.

"The General Assembly was under no constitutional or other legal compulsion to permit a net economic loss or losses deduction . . . . It enacted the carry-over provisions . . . 'purely as a matter of grace, gratuitously conferring a benefit . . . . ' *Rubber Co. v. Shaw, Comr. of Revenue,* 244 N.C. 170, 92 S.E. 2d 799." *Manufacturing Co. v. Clayton, supra,* at 171.

Plaintiff's reliance on the federal cases dealing with parent-subsidiary mergers in the "F" reorganization type context is unfounded. The policy of not taxing gains in the liquidation setting is similar to that in the reorganization setting under G.S. 105-145(c) and has nothing to do with the policy concerning net economic loss carry-over under G.S. 105-130.8. See generally *Manufacturing Co. v. Clayton, supra.*

G.S. 105-130.8 allows carry-over of net economic losses sustained by *a* corporation. The purpose of such wording is that of "granting some measure of relief to *the* corporation which has incurred economic misfortune . . . . " G.S. 105-130.8(1) (emphasis added). The import of G.S. 105-130.8 and the North Carolina cases interpreting it is that unless there is continuity of business enterprise in the narrow sense that it has been defined, the corporation claiming the economic loss is not "the" corporation suffering the loss as contemplated by the statute. When the income producing business has been altered, enlarged

or materially affected, there is no continuity of business enterprise.

In the context of this case, Fieldcrest, Inc., the parent, merged its wholly-owned subsidiary, Screen Print, into it. By virtue of this merger, Fieldcrest, Inc., received total assets valued at $1,767,999 and a business in which prior to the merger, Fieldcrest, Inc., as a corporation, was not engaged. The business of Fieldcrest, Inc., has been altered, enlarged, and materially affected. As a consequence, it may not carry forward the losses of its merged subsidiary.

In our opinion, the case should be affirmed.

Affirmed.

Judges PARKER and VAUGHN concur.