The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This official Attorney General opinion is issued in response to a question you have presented regarding the status of a corporation that is created by a merger of two Arkansas corporations.
You describe a scenario in which two Arkansas corporations plan to merge. One of the two corporations, a construction company, has been conducting business in Arkansas for more than two years, has been licensed by the Arkansas State Contractors' Licensing Board for more than two years, and has paid taxes under the Arkansas Employment Security Law and the Arkansas Gross Receipts Tax Act of 1941 during this time period. The other Arkansas corporation has been in existence for fewer than two years. The merger would take place in accordance with the Arkansas Business Corporation Act of 1987, and the successor entity would succeed to all of the corporate attributes of the corporation that has been conducting business in Arkansas for more than two years. The corporation that would be created by the merger will conduct business that is identical in nature to that of the corporation that has been conducting business in Arkansas for more than two years.
You indicate that the predecessor corporation that has been conducting business in Arkansas for more than two years is a "firm resident in Arkansas," within the meaning of A.C.A. § 19-11-259(a)(3), and therefore would be entitled to avail itself of the bidding preference procedure for Arkansas firms that is provided by A.C.A. § 19-11-259(b), as follows:
19-11-259. Preferences among bidders.
 (1) In the purchase of commodities by competitive bidding, all public agencies shall accept the lowest qualified bid from a firm resident in Arkansas. This bid shall be accepted only if the bid does not exceed the lowest qualified bid from a nonresident firm by more than five percent (5%) and if one (1) or more firms resident in Arkansas made written claim for a preference at the time the bids were submitted. In calculating the preference to be allowed, the appropriate purchasing officials pursuant to 19-11-201—19-11-259 shall take the amount of each bid of the Arkansas dealers who claimed the preference and deduct five percent (5%) from its total. If, after making such deduction, the bid of any Arkansas bidder claiming the preference is lower than the bid of the nonresident firm, then the award shall be made to the Arkansas firm which submitted the lowest bid regardless of whether that particular Arkansas firm claimed the preference.
A.C.A. § 19-11-259(b)(1) (emphasis added).
The phrase "firm resident in Arkansas," as used in the above-quoted statutory section, is defined as follows:
 (3) "Firm resident in Arkansas" shall mean any individual, partnership, association, or corporation, whether domestic or foreign, who:
(A) Maintains at least one (1) staffed office in this state;
 (B) For not less than two (2) successive years immediately prior to submitting a bid, has paid taxes under the "Arkansas Employment Security Law", 11-10-101 et seq., unless exempt therefrom, and either the "Arkansas Gross Receipts Act of 1941", 26-52-101 et. seq., or the" Arkansas Compensating Tax Act of 1949", 26-53-101 et seq., on any property used or intended to be used for or in connection with the firm's business; and
 (C) Within the two-year period, has paid any taxes to one (1) or more counties, school districts, or municipalities of the State of Arkansas on either real or personal property used or intended to be used or in connection with the firm's business. . . .
A.C.A. § 19-11-259(a)(3).
You further indicate that one of your concerns is whether the successor entity that would be created by the merger would be considered to constitute a "firm resident in Arkansas," thus entitled to avail itself of this bidding preference procedure, as was its predecessor corporation.
In light of the above-described scenario and provisions of law, you have presented the following question:
 Should the corporate entity that would be created by the above-described merger be considered to constitute a "firm resident in Arkansas," for purposes of A.C.A. § 19-11-259?
It is my opinion, based upon the facts that you have provided, that the above-described corporate entity that would be created by the merger should be considered to constitute a "firm resident in Arkansas" for purposes of A.C.A. § 19-11-259.
I have reached this conclusion by analogy to certain holdings of the Arkansas Supreme Court, as explained more fully below. Although the court has not addressed the precise question you have raised, it has decided a similar issue. It is my opinion that the court's analysis in deciding that issue can reasonably be applied to the issue you have raised.
I must note, however, that because this issue has not been presented to the Arkansas Supreme Court, it is unclear whether the court would, in fact, apply the reasoning upon which I have relied in reaching my conclusion. In addition, there is no statutory provision addressing the issue. For these reasons, the matter will remain ultimately unresolved until such time as it has been clarified either judicially or legislatively. Nevertheless, I believe that my analysis provides a reasonable approach to its resolution, as well as an approach that is consistent with the Arkansas Supreme Court's analogous precedent.
The reasoning upon which I have relied was first applied by the Arkansas Supreme Court in Bracy Development Co. v. Milam, 252 Ark. 268,478 S.W.2d 765 (1972). In that case, the court addressed a situation in which a corporation formed by a merger of two Arkansas corporations sought to avail itself of a tax advantage that would have been available to one of the two corporations that had merged. More specifically, one of the two companies that merged had experienced a net operating loss during the fiscal year in which the merger was effected. The corporation that had been created by the merger then reflected that loss as a deduction on its state income tax return for that fiscal year. The Department of Finance and Administration disallowed the deduction. When the Arkansas Supreme Court considered the matter on appeal, it held that the corporation that had been formed by the merger was entitled to carry over the operating loss of the predecessor company.
In reaching this conclusion, the Bracy court first noted the absence of specific statutory provisions addressing the question. In this regard, it is interesting to note that under the business corporation laws that were applicable at the time, the provision setting forth the effects of a merger stated that "[s]uch surviving or new corporation shall thereupon and thereafter possess all the rights, privileges, immunities and franchises, as well of a public as of a private nature, of each of the merging or consolidating corporations. . . ." Ark. Stat. Ann. § 64-705 D (Repl. 1966).[1] Although the Bracy court noted this provision (and even quoted it), it did not find the provision to be dispositive of the issue.[2] Instead, the court examined various theories that the courts of other jurisdictions had applied to similar situations, and chose to apply one that it called the "continuity of business enterprise" theory.
Under the "continuity of business enterprise" theory, as applied by the courts of other jurisdictions upon which the Bracy court relied, a company created by a merger is allowed to avail itself of a tax advantage that would have been available to a predecessor company — but only if the specific facts of the case indicate a "continuity of business enterprise" between the corporation created by the merger and one of the predecessor companies. The phrase "continuity of business enterprise" is defined as a situation in which "the income producing business has not been altered, enlarged or materially affected by the merger." Bracy, 252 Ark. at 277, quoting Good Will Distrib. (Northern) v. Currie, 251 N.C. 120,110 S.E.2d 880 (1959).
Applying this theory to the specific facts before it, the Bracy court found a "continuity of business enterprise" to exist between the company created by the merger and the predecessor company that had experienced the net operating loss, and therefore allowed the company created by the merger to carry over the net operating loss for deduction purposes. More specifically, the court observed that the two merging companies were engaged in identical businesses (except that one experienced profit and the other experienced loss), and that the merger did not alter, enlarge, or materially affect the nature of their businesses. Rather, the merger did nothing more than continue the business of the companies, but on a sounder overall financial basis.
The Bracy court emphasized that its holding should not be construed to indicate that a carry-over of tax advantages from a merging company to a successor company should be allowed as a matter of law, but rather, that the allowance of a carry-over would depend upon the specific facts of each case.
The Arkansas Supreme Court applied the "continuity of business enterprise" theory again in Skelton v. B.C. Land Co., 256 Ark. 961,513 S.W.2d 919 (1974), in which it disallowed a tax advantage carry-over. The holding was based upon the court's finding that the specific facts of the case did not reflect sufficient continuity between the predecessor and the merged company to warrant allowing a tax advantage carry-over.
The "continuity of business enterprise" theory that was applied by the Arkansas Supreme Court in both Bracy and Skelton lends itself well, in my opinion, to a determination of whether a merged company should be considered to constitute a "firm resident in Arkansas," within the meaning of A.C.A. § 19-11-259(a)(3), as was one of its predecessor companies. I find it reasonable to consider a company created by a merger to constitute a "firm resident in Arkansas" for purposes of the bidding preference procedure that is set forth in A.C.A. § 19-11-259 — if one of the merging companies was a "firm resident in Arkansas," and if the merged company conducts a business operation that is identical to that of the predecessor, carrying all the material attributes of that company.
The facts that you have provided to me regarding the merger situation you have described indicate, first, that one of the predecessor companies in this situation squarely meets the definition of "firm resident in Arkansas" that is set forth in A.C.A. § 19-11-259(a)(3), and therefore would be entitled to the availability of the bidding preference procedure of A.C.A. § 19-11-259(b). The facts that you have provided further indicate that the corporation that would be created as a result of the merger will engage in a business that is identical in nature to that of the predecessor company, and that it will succeed to all of the corporate attributes of the predecessor company. In short, the business of the predecessor company would not be altered, enlarged, or materially affected by the merger.
When the "continuity of business enterprise" theory is applied to this or any situation, the outcome will turn entirely upon the specific facts of the case. Therefore, in applying the theory to the situation you have described, my conclusion must rely upon facts that you have provided. Assuming that the facts that you have provided accurately describe the situation (i.e., that the company that would be created by the merger will engage in a business that is identical in nature to that of the predecessor company, and that it will succeed to all of the corporate attributes of the predecessor company), I find, upon applying the "continuity of business enterprise" theory to these facts, that the corporation that is created by the merger should be considered to constitute a "firm resident in Arkansas" for purposes of the bidding preference procedure that is set forth in A.C.A. § 19-11-259.
I must reiterate, however, that if this situation were presented to a court, it is not clear that the court would apply the "continuity of business enterprise" theory in deciding the matter. This issue is one that as of yet remains unresolved either judicially or legislatively. Nevertheless, I find that the application of the "continuity of business enterprise" theory to the scenario you have presented is a viable approach to a resolution of the issue, and is consistent with the most closely analogous Arkansas precedent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The Arkansas Business Corporation Act of 1987 contains no similar provision.
[2] Because the Bracy court did not consider the existence of such a provision to be dispositive, I find that the absence of such a provision from the Arkansas Business Corporation Act of 1987 is likewise not dispositive of the issue you have raised.