E. A. HANNAH v. BOARD OF COMMISSIONERS OF STOKES COUNTY.

(Filed 6 November, 1918.)

**1. Pensions—Confederate Soldiers—Burial Expenses—Charge Upon County —Statutes.**

Revisal, sec. 5005a, requires the $20 on account of the burial of a Confederate pensioner to be paid by the board of commissioners of the county on the pension roll of which his name appears, irrespective of residence. The delay in the decision of this case unfavorably commented on.

**2. Statutes—Interpretation—Attorney-General—Long Acquiescence.**

The opinion of the Attorney-General, interpreting a statute, sanctioned by long acquiescence and without legislative change, is entitled to respectful consideration by the courts.

APPEAL by plaintiff from *Harding, J.,* at Spring Term, 1918, of STOKES.

*J. H. Folger for plaintiff.*
*N. O. Petree for defendant.*

CLARK, C. J. This action was begun before a justice of the peace, and on appeal to the Superior Court was heard upon an agreed state of facts.

The plaintiff seeks to recover the sum of $20 of the Board of Commissioners of Stokes County for the burial of George S. Rogers, who was a Confederate veteran and on the pension rolls of that county. The plaintiff buried the soldier and presented his account for $20 to the chairman of the Pension Board of Stokes, who approved the claim, and the clerk certified that the soldier was at the time of his death on the pension roll of Stokes. He added to the certificate that there were two men on the pension roll by that name, and that this man was left on the pension roll of Stokes after he had moved to Surry. The soldier died in Surry, where he had lived some years, and was buried there. The commissioners of Stokes refused to pay the account.

Revisal, 5005a, provides: Whenever in any county of this State "a.

Confederate pensioner on the pension roll of said county shall die," it shall be the duty of the board of commissioners of such county, upon the certificate of said fact by the clerk of the Superior Court and recommendation of the chairman of the pension board of said county, to order the payment out of the general fund of the county of a sum not exceeding $20 to be applied towards defraying the burial expenses of such deceased pensioner.

The soldier having died while still on the pension roll of Stokes, it would seem clear, upon the language of the statute, that upon the recommendation of the chairman of the Pension Board of that county and the required certificate of the clerk of the Superior Court that payment should have been ordered by the commissioners of Stokes.

In contemplation of the statute, the fact is not material in what county the pensioner died, but "on the pension roll of what county" he was a pensioner. Instances like this, where the pensioner on the roll of one county has died in another have been not infrequent. Years ago the State Auditor submitted to the Attorney-General the same question as to what county should pay $20 for the burial expenses of a soldier on the pension roll of Rutherford who had been a resident of that county, but for a few years prior to his death had lived with a son in Union and a daughter in Anson, and had died in Anson. The Attorney-General advised that such expenses, not exceeding $20, should be paid by the commissioners of Rutherford, "as this is required by the express language of section 5005a of the Revisal."

This, we are informed, has been the uniform practice since. While this is not compelling authority, the advice of the Attorney-General and the uniform custom observed by the pension authorities and the State Auditor are entitled to respectful consideration. Besides, as it has been the uniform custom, the fact that the legislative department of the government has made no change in the language of the statute is entitled to weight as a legislative construction that such was the intent and proper construction of the act.

Doubtless the defendant board thought it was doing its duty in refusing payment, but the county of Stokes, which has earned so much fame by the heroic conduct of the brave men who risked their lives cheerfully at the call of the State and county, should have been slow to show reluctance to pay the petty sum of $20 for the decent burial of one of her gallant sons. His name having been retained on the pension roll of Stokes, whether this was done by mistake or not, it is certain that payment for his burial expenses could not have been collected out of the county of Surry, for he was not "on the pension roll" in Surry, and if the action of the defendant board was legal, the burial expenses of the deceased veteran would have fallen upon the plaintiff, who gave him

the honor that was due him of a decent burial. The defendant board doubtless did not wish this, but was inadvertent to the fact that, under the statute, payment for the burial charges could fall only upon the county on the pension roll of which the soldier was a pensioner.

The burial took place 28 February, 1915, almost four years ago, and after defendant refused to pay, this proceeding was begun 16 June, 1916, and has only reached this Court for decision after the lapse of two years and four months. If an action of this kind should have been forced at all by the refusal of the defendant board to pay, there is no reason why it should not have been presented in this Court two years ago. The case required no evidence, for the facts were agreed, and no investigation of the law beyond the statute itself was necessary. Such delays are inexcusable. The court costs and the interest on the delayed payment will probably more than double the principal amount which the county was called upon to pay. In the meantime, the worthy citizen who made the payment has been without reimbursement of the modest sum which he paid out years ago.

Reversed.