GARROU KNITTING MILLS v. EDWIN GILL, COMMISSIONER OF REVENUE.

(Filed 14 April, 1948.)

**1. Taxation § 29—**

The three year limitation from the time of filing original income tax returns during which the Commissioner of Revenue may review returns and make additional assessments is not strictly a statute of limitations and does not affect the right to additional tax but applies solely to administrative procedure by which the tax is assessed.

**2. Statutes § 5—**

Administrative interpretation of a statute, acquiesced in over a long period of time, is properly considered in the construction of the statute by the courts.

**3. Taxation § 29—**

G. S., 105-160, considered *in pari materia* with the other pertinent provisions of the Revenue Act prior to the amendment of Chap. 501, sec. 4, Session Laws of 1947, does not preclude the Commissioner of Revenue from making additional assessments or refunds of income taxes after the expiration of three years from the filing of the original returns where the taxpayer has been required to make changes in his Federal income tax return and pay an additional assessment of Federal income taxes, and has failed to notify the Commissioner of Revenue of such changes and file an additional return under oath as required by G. S., 105-159.

ERVIN, J., took no part in the consideration or decision of this case.

DEFENDANT's appeal from *Gwyn, J.,* September-October Term, 1947, BURKE Superior Court.

The plaintiff filed its State income tax return for the calendar year 1940 prior to 15 March, 1941, and paid the tax upon the net income manifested. In ascertaining the taxable net income the taxpayer took certain credit for depreciation of machinery for the tax year. On 20 October, 1944, notice was given the plaintiff by the Commissioner of Internal Revenue that its 1940 taxable net income as shown in the Federal return had been changed and corrected by disallowance of a portion of the deduction claimed for depreciation of machinery, and that an additional assessment was being made. The plaintiff made no report to the North Carolina Department of Revenue of this change and correction in its 1940 income and additional assessment thereupon. Upon advice from the Federal department that such change had been made, notice was given to the plaintiff by the defendant Commissioner that an assessment of additional State income tax for the year had been made because of disallowance of a portion of the deduction claimed by it for depreciation of machinery. The plaintiff, denying the authority of the Commissioner to make additional assessment after the expiration of three years from the filing of the original return (G. S., 105-160), paid the tax under protest and sued for its recovery.

At the hearing before Gwyn, J., at September-October Term of Burke Superior Court, it appearing that the plaintiff's pleading sufficiently set forth the above facts, the defendant demurred and moved to dismiss the action. Judge Gwyn, being of the opinion that the power to make additional assessment was barred by the cited statute, overruled the demurrer and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Tucker and Abbott for the State.*

*J. E. Butler for plaintiff, appellee.*

SEAWELL, J. The only question raised on this appeal is whether, on the above stated facts, G. S., 105-160, read *in pari materia* with other pertinent provisions of the Revenue Act, operates to deny the Commissioner of Revenue authority to make additional assessments or refunds after the expiration of three years from the filing of the original return in the special instance of changes made in the taxpayer's liability on returns made by it to the Federal taxing department.

For a long period during which the General Assembly enacted its tax income laws biennially or at each regular session, and since the enactment of the permanent Revenue Act in 1939, it has been the policy of the State, as reflected in these statutes, to require the taxpayer to notify the Commissioner of Revenue and file an additional return under oath when any change or correction affecting the taxable net income has been made

by the Federal authority, and on such change authority is given the Commissioner to make additional assessments or refunds on "such evidence as may be brought to his attention" or he "shall otherwise acquire." G. S., 105-159. Whether this provision was inspired by a desire for uniformity, since both Federal and State governments resort to the same source for income tax, or a desire to make available the superior facilities of the Federal department in checking returns, we need not inquire. Neither the validity nor the propriety of the provision is questioned: The point is that the statute imposed on the plaintiff a positive duty with respect to its income tax liability beyond that required in G. S., 105-152, respecting its original return; it was its duty not only to report the change made by the Federal department but to file another return under oath reflecting it, and this the plaintiff failed to do. The reason assigned for that failure is that three years had already elapsed after the filing of the original return before the plaintiff received notice of the change made by the Federal department, and as appellee contends, the statute of limitations provided by Section 105-160 had already applied, and relieved it of the duty. This brings up for review pertinent provisions of the income taxing sections of the Revenue Act as affecting the limitation relied on by the plaintiff.

It is well to observe here that the provision found in Section 105-160 is not, strictly speaking, a statute of limitations like those addressed to the limitations of actions. The section defines the time within which the authority given the Commissioner to review returns and make assessments may be exercised. Limitations of both classes are equally fatal to further procedure where they apply. But in the one case the limitation would directly affect the right to the tax, and in the other apply to the administrative procedure by which the tax is assessed. And in the latter case,—and it is this with which we deal,—it becomes a question whether, in the special instance of change made in the taxpayer's liability by the Federal taxing department, the statute does not justify and contemplate the exercise of the power to assess additional tax in case of deficiency, or make refunds for overpayment, regardless of the three-year limitation provided in Section 105-160.

The power to make additional assessments or make refunds, predicated on changes made in the taxpayer's liability to the Federal authority, is based on a distinctly new condition not contemplated in G. S., 105-158, respecting the original returns; and the power exercised in the particular instance could only by implication be brought within the scope of the limitation provided in G. S., 105-160, so as to construe this latter section as an over-all or all-inclusive limitation. The statute taken as a whole seems to deal with this incident as an independent situation, inseparable in administrative procedure as well as in fact, since it requires a new

return under oath, under all the sanctions provided for the original return; and it does not necessarily, at least, fall within the suggested limitation.

In recognizing and adopting, to this extent, Federal revision as an aid to local taxation the legislative body was in the field of remedial legislation, and is presumed to have had a knowledge of the new conditions upon which administrative action must depend. It is pointed out that the Legislature must have known that only a small proportion of the Federal corrections mentioned in the statute actually occur during the three-year period, and that under the construction contended for by the appellee the remedy provided would be inadequate. The Federal income tax law has a provision similar to ours limiting the authority of the taxing unit to deal with original returns and make corrections. However, in Federal practice, when the taxpayer, with his return, files a waiver of this limitation the authority of the department to make corrections is continued without limitation of time. Hence a large proportion of the corrections is made beyond the period limited by our statute in G. S., 105-160.

As we have pointed out, the requirement that a taxpayer within 30 days after receiving notice of the correction of the Federal taxing authority shall file with the State Commissioner of Revenue a return reflecting such change, under oath, is positive, mandatory, and separately implemented with heavy penalties for failure to do so, and makes no reference to the three-year statute of limitations provided in Section 105-160, or any other deadline on the Commissioner's authority; but it does impose duties upon him when the return is filed. (We are referring to the statute before the 1937 amendment.) The authority of the Commissioner must be presumed to be coextensive with the duties imposed. If, as suggested, he had no authority to deal with the return when made, as the law directs, the Legislature did nothing more than make a futile gesture.

It is pointed out by the appellant that the latter construction of the statute has been uniform for many years in administrative practice and acquiesced in by the General Assembly for a long period of time, and is entitled to the weight accorded administrative interpretation by the cited precedents; *Cannon v. Maxwell,* 205 N. C., 420, 171 S. E., 624; *Powell v. Maxwell,* 210 N. C., 211, 186 S. E., 326; *Valentine v. Gill,* 223 N. C., 396, 27 S. E. (2d), 2; that it has had the consistent approval of the Attorney-General both before and after the 1937 amendment to the statute. See P-H, State and Local Tax Service, North Carolina, paragraphs 11,320, 13,012, 13,154, 13,158, 13,161, 13,163, 13,202; *Hannah v. Commissioners,* 176 N. C., 395, 97 S. E., 160.

Decision might well rest on these principles, but not necessarily so. The General Assembly of 1937 amended the pertinent sections of the

existing law, now G. S., 105-159, 105-160, clarifying both sections by expressly excepting the special instance of assessment or refund made upon notice of Federal correction or revision of the taxpayer's liability—*where the taxpayer has failed to notify the Commissioner of such additional assessment* (Chapter 127, Public Laws 1937, Secs. 334, 335)—from the operation of the three-year limitation, and provided no limitation on his continued authority; and this was carried forward in the 1939 Revenue Act, Chapter 158, Public Laws 1939, Secs. 334, 335; and there were no material changes in 1941, 1943 and 1945. And that is the law applicable to plaintiff's case.

In 1947 the Legislature amended Section 105-159 of the General Statutes so as to substitute for the clauses expressly rendering the suggested statute of limitations inapplicable, a provision fixing a limitation of five years on the authority of the Commissioner to make assessments or refunds upon changes made by the Federal taxing authority, Session Laws 1947, Chapter 501, sec. 4, pp. 624, 625. The amendment in its setting and history is merely cited to confirm the position taken by appellant that theretofore no time limit had been set for the exercise of the Commissioner's authority in this special instance. It is to be noted that under the amendment to this statute the defendant Commissioner would be well within his authority in making the additional assessment.

For the reasons stated, the judgment overruling the demurrer and declining the nonsuit must be reversed. It is so ordered.

Reversed.

⚫

ERVIN, J., took no part in the consideration or decision of this case.