STATE OF NORTH CAROLINA v. ROBERT LEWIS PATTON, JR.

No. 8126SC1074

(Filed 15 June 1982)

**Taxation § 28.5— attempt to evade or defeat taxes—statute of limitations runs from date of offense**

An attempt to evade or defeat taxes on 29 April 1979 by failing to file a return for an earlier year within the time required by G.S. 105-159 and by placing assets in the account of another would constitute a new offense, and the statute of limitations applicable to G.S. 105-236(7) would begin to run anew as of that date; therefore, the three-year limitations period for such a violation would not have expired when warrants were issued on 25 March 1981.

APPEAL by the State from *Johnson, Judge.* Order entered 3 September 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 March 1982.

These actions were instituted by issuance of three warrants on 25 March 1981 charging the defendant with wilfully attempting to evade or defeat North Carolina income taxes for the years 1971, 1972 and 1973. Each warrant alleges that defendant attempted to evade or defeat the taxes "by causing not to be filed an income tax return . . . on correction of additional income from a federal tax audit as required by NC GS 105-159 and by placing his income in his wife's bank account thereby depriving the state from collecting tax due." Each warrant alleges that the offense charged occurred on 29 April 1979.

The defendant was convicted in district court and appealed to superior court. There he moved to dismiss on grounds that the statute of limitations as to the three charges had expired. The superior court allowed the motion to dismiss on this basis, and the State appeals pursuant to G.S. 15A-1445(a)(1).

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*No counsel for defendant appellee.*

WEBB, Judge.

There are no exceptions or assignments of error in the record. Still, upon any appeal duly taken from a final judgment, a

party may present for review the question of "whether a criminal charge is sufficient in law, notwithstanding the absence of exceptions or assignments of error in the record on appeal." Rule 10(a), N.C. Rules App. Proc.

The warrants herein charge offenses under G.S. 105-236(7), which declares it a misdemeanor, punishable by a fine not to exceed $1,000.00 or by imprisonment not to exceed six months or by both, for any person wilfully to attempt or to aid or abet another to attempt in any manner to evade or defeat state income taxes or the payment thereof. The warrants allege that the offenses occurred on 29 April 1979 when the defendant (1) failed to file an income tax return upon correction of his income for the years 1971, 1972 and 1973 by a federal tax audit and (2) placed his income in his wife's bank account. Such acts committed in a wilful attempt to evade or defeat income taxes would constitute the offense defined by G.S. 105-236(7). *See generally Spies v. U.S.*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). G.S. 105-236(7) provides for a three-year statute of limitations. Defendant would contend that the bar of the statute of limitations appears on the face of the warrants. In his brief filed in the trial court, defendant argued that he attempted to evade or defeat income taxes for 1971, 1972 and 1973, if at all, when those taxes fell due in 1972, 1973 and 1974 respectively and, therefore, that the three-year statute of limitations for any such offenses expired in 1975, 1976 and 1977, well before issuance of these warrants on 25 March 1981. We cannot agree with this interpretation of the limitations period.

G.S. 105-159 provides, in pertinent part, as follows:

"If the amount of the net income for any year of any taxpayer under this Division, as reported or as reportable to the United States Treasury Department, is changed, corrected, or otherwise determined by the Commissioner of Internal Revenue or other officer of the United States of competent authority, such taxpayer, within two years after receipt of internal revenue agent's report or supplemental report reflecting the corrected or determined net income shall make return under oath or affirmation to the Secretary of Revenue of such corrected, changed or determined net income . . . . If the taxpayer fails to notify the Secretary of Revenue of assessment of additional tax by the Commissioner of Internal

Revenue, the statute of limitations shall not apply. The Secretary of Revenue shall thereupon proceed to determine, from such evidence as he may have brought to his attention or shall otherwise acquire, the correct net income of such taxpayer for the fiscal or calendar year, and if there shall be any additional tax due from such taxpayer the same shall be assessed and collected . . . Provided, that any taxpayer who fails to comply with this section as to making report of such change as made by the federal government within the time specified shall be subject to all penalties as provided in G.S. 105-236, in case of additional tax due, and shall forfeit his rights to any refund due by reason of such change."

This statute imposes a positive duty upon taxpayers beyond the requirements as to their original return. *See Knitting Mills v. Gill,* 228 N.C. 764, 47 S.E. 2d 240 (1948). The taxpayer whose net income *for any year* is corrected by the Commissioner of Internal Revenue or other authorized federal officer must file a new return reflecting his corrected net income within two years after receipt of the federal agent's report. Additional state income taxes may be assessed on the basis of the corrected net income. The failure to make such a new return within the time specified subjects the taxpayer to all penalties provided by G.S. 105-236 including, when applicable, the criminal penalty provided by G.S. 105-236(7). Defendant argued below that the provision "[i]f the taxpayer fails to notify the Secretary of Revenue of assessment of additional tax by the Commissioner of Internal Revenue, the statute of limitations shall not apply" should be read as relieving the bar of the statute of limitations as to assessment and collection of additional taxes due but not as to criminal prosecutions. We see no basis for so limiting the provision.

Thus, an attempt to evade or defeat taxes on 29 April 1979 by failing to file a return for an earlier year within the time required by G.S. 105-159 and by placing assets in the account of another would constitute a new offense, and the statute of limitations applicable to G.S. 105-236(7) would begin to run anew as of that date. The three-year limitations period for such a violation of G.S. 105-236(7) would not have expired when these warrants were issued on 25 March 1981.

Reversed and remanded.

Judges CLARK and ARNOLD concur.