## McFARLAND v. JUSTUS

[113 N.C. App. 107 (1993)]

W. A. McFARLAND AND BLANCHE J. McFARLAND, PLAINTIFFS v. BETSY Y. JUSTUS, SECRETARY OF REVENUE, DEFENDANT

No. 9214SC635

(Filed 21 December 1993)

### 1. Judgments § 351 (NCI4th) — finding of fact — incorrect terminology — consideration on appeal

An error in terminology did not prevent the Court of Appeals from accurately deciding the questions before it where the trial court incorrectly found that federal adjustments to plaintiff's tax return constituted corrections to "taxable income" rather than "net income." This was technical, nonprejudicial error.

**Am Jur 2d, Judgments § 201.**

### 2. Taxation § 28.5 (NCI3d) — income tax — adjustment to federal return — failure to adjust state return — statute of limitations

The trial court correctly concluded that plaintiffs' failure to notify the Secretary of Revenue of changes made by the IRS extended the statute of limitations for assessment where defendant examined plaintiffs' 1984 income tax return in 1989 and assessed additional tax. N.C.G.S. § 105-159.

**Am Jur 2d, Taxpayers' Actions § 37.**

### 3. Taxation § 28.5 (NCI3d) — income tax — finding of income from condemnation sale — supported by evidence

The trial court did not err by finding that plaintiffs had not made a sale of real property in 1982 and that the proceeds from the condemnation of a portion of a farm constituted income in 1984 where plaintiff contended that the Department erroneously failed to exclude the gain on a 1982 sale erroneously reported on their 1984 return; there was evidence that revenue agents had searched courthouse records but had not located any sale of real property by plaintiffs in 1982; plaintiffs had not reported any income from a land sale on their 1982 North Carolina return; and plaintiffs abandoned their earlier position and testified that the gain stemmed from a federal condemnation begun in 1978 or 1979 in which an additional amount was paid in 1982, but their evidence did not show that they had ever paid taxes on the gain.

**Am Jur 2d, State and Local Taxation §§ 483 et seq., 603 et seq.**

Appeal by plaintiffs from judgment entered 3 January 1992 by Judge J. Milton Read, Jr. in Durham County Superior Court. Heard in the Court of Appeals 13 May 1993.

This is an action by plaintiffs, W. A. McFarland and Blanche J. McFarland, pursuant to North Carolina General Statutes § 105-267 (1989) for refund of individual income taxes assessed for their 1984 tax year by the Secretary of Revenue and paid under protest.

*William V. McPherson, Jr. for plaintiffs-appellants.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for defendant-appellee.*

JOHNSON, Judge.

In 1984, plaintiffs W. A. McFarland and Blanche J. McFarland sold Fairntosh Farm for $3,902,154.00. They reported sale proceeds upon their 1984 federal income tax return, but did not disclose the sale on their North Carolina return for that year. On 23 July 1987 the federal government audited plaintiffs' 1984 return and made two adjustments: (1) It reduced their net operating loss deduction from $1,727,665.90 to $1,361,934.83 ($365,731.07), and (2) assessed $165,296.00 in federal alternate minimum tax.

Afterwards the Internal Revenue Service (IRS) forwarded defendant, Secretary of Revenue Betsy Justus, a copy of its corrections, denominated "Income Tax Examination Changes." Plaintiffs did not report the federal changes to defendant.

On 28 November 1989, defendant examined plaintiffs' 1984 income tax return. Defendant's audit report for tax year 1984 determined that gain from the sale of Fairntosh Farm was includible in plaintiffs' 1984 net income, and proposed an assessment of $148,549.54 in tax, $62,390.81 in interest, and $37,137.39 in negligence penalties. Defendant's audit report for tax year 1986 adjusted plaintiffs' return by removing the gain from the 1984 sale of Fairntosh Farm.

Plaintiffs paid the assessment on 1 December 1989 and filed a claim for refund on 21 December 1989 on the basis that (1) the redetermination of their North Carolina income tax liability was

barred by the three year statute of limitations contained in North Carolina General Statutes § 105-241.1 (1989), and (2) the redetermined taxable income included the gain from the 1982 disposition which was erroneously reported on their 1984 return. By letter dated 23 April 1990, the Secretary of Revenue denied the claim for refund on the grounds: (1) that by reason of the IRS examination changes, the three year statute of limitations was extended under North Carolina General Statutes § 105-159 (1989), and (2) the auditor did not find any information to support their claim that the 1982 gain was erroneously reported on their 1984 return.

On 1 June 1990, plaintiffs filed this civil action for the refund of individual income taxes assessed for their 1984 tax year by the Secretary of Revenue. On 4 November 1991, Judge J. Milton Read heard the case without a jury. On 3 January 1992, Judge Read entered a judgment in which the trial court held that the IRS adjustments to plaintiffs' net operating loss deduction and the imposition of federal alternative minimum tax as set forth in the IRS examination reports made North Carolina General Statutes § 105-159 applicable so as to extend the statute of limitations for assessment, and that plaintiffs had made no sales of real estate or farmland in 1982, so that the gain shown on their 1984 return was taxable income to them in 1984. Plaintiffs filed timely notice of appeal.

[1] We note from the outset that the trial court incorrectly found that the federal adjustments constituted corrections to "taxable income." Prior to 1989, a correction to "net income" triggered North Carolina General Statutes § 105-159. With the adoption of the Internal Revenue Code in 1989 as the predicate for North Carolina taxation, net income was changed to "taxable income." 1989 N.C. Sess. Laws, ch. 728, s. 1.31. As plaintiffs' tax return was filed in 1984, the trial court should have used the term "net income" instead of "taxable income" in reference to the adjustments made by the IRS.

When findings are actually antagonistic, inconsistent or contradictory such that the reviewing court cannot safely and accurately decide the question, the judgment cannot be affirmed. *Spencer v. Spencer*, 70 N.C. App. 159, 319 S.E.2d 636 (1984). We find the trial court's reference to "taxable" rather than "net" income was technical, nonprejudicial error. The trial court's error does not prevent this Court from accurately deciding the questions before us.

[2] We now turn to plaintiffs' assignments of error. By plaintiffs' first assignment of error, plaintiffs argue that the trial court erred in entering a judgment in favor of the Secretary of Revenue who dismissed the McFarlands' action on the basis that the assessment of plaintiffs' taxes were not barred by the statute of limitations. We disagree.

Specifically, plaintiffs contend the words "net income" should be "construed in accordance with the definition in North Carolina General Statutes § 105-140, that is, North Carolina gross income less the deductions set forth in the individual income tax division, so that North Carolina General Statutes § 105-159 extended the statute of limitations only if the adjustments made by the IRS would result in a change in the McFarlands' North Carolina net income." Defendant, however, contends that "net income" meant income computed for purposes of any federal tax assessed on the U.S. 1040 Individual Income Tax Return, regardless of whether it would result in a change in plaintiffs' North Carolina net income.

North Carolina General Statutes § 105-159[1] states in pertinent part:

> If the amount of the net income for any year of any taxpayer under this Division, as reported or as reportable to the United States Treasury Department, is changed, corrected, or otherwise determined by the Commissioner of Internal Revenue or other officer of the United States of competent authority, such taxpayer, within two years after receipt of internal revenue agent's report or supplemental report reflecting the corrected or determined net income shall make return under oath or affirmation to the Secretary of Revenue of such corrected, changed or determined net income. In making any assessment or refund under this section, the Secretary shall consider all facts or evidence brought to his [/her] attention, whether or not the same were considered or taken into account in the federal assessment or correction. *If the taxpayer fails to notify the Secretary of Revenue of assessment of additional tax by the Commissioner of Internal Revenue, the statute of limitations shall not apply.* The Secretary of Revenue shall there-

---

1. North Carolina General Statutes § 105-159 as in effect prior to 1989. North Carolina General Statutes § 105-159 was amended by the Tax Fairness Act of 1989 [1989 N.C. Sess. Laws 1989, ch. 728, s. 1.31]. By its terms the Tax Fairness Act was not applicable to tax years beginning before 1 January 1989.

McFARLAND v. JUSTUS

[113 N.C. App. 107 (1993)]

upon proceed to determine, from such evidence as he [/she] may have brought to his [/her] attention or shall otherwise acquire, the correct net income of such taxpayer for the fiscal or calendar year, and if there shall be any additional tax due upon from such taxpayer the same shall be assessed and collected; and if there shall have been an overpayment of the tax the said Secretary shall, within 30 days after the final determination of the net income of such taxpayer, refund the amount of such excess: Provided, that any taxpayer who fails to comply with this section as to making report of such change as made by the federal government within the time specified shall be subject to all penalties as provided in G. S. 105-236, in case of additional tax due, and shall forfeit his [/her] rights to any refund due by reason of such change. . . . (Emphasis added.)

This statute imposes a positive duty upon taxpayers beyond the requirements as to their original return. *Knitting Mills v. Gill, Comr. of Revenue*, 228 N.C. 764, 47 S.E.2d 240 (1948).

In *State v. Patton*, 57 N.C. App. 702, 292 S.E.2d 172 (1982) and *Knitting Mills*, 228 N.C. 764, 47 S.E.2d 24, both Courts addressed the issue of whether a defendant's failure to report a federal tax audit brought him within the purview of North Carolina General Statutes § 105-159. In each case, the Court based its determination of the taxpayers' liability pursuant to North Carolina General Statutes § 105-159 on whether the taxpayers reported the changes or corrections made in their federal net income to the Secretary of Revenue. Neither Court predicated the application of North Carolina General Statutes § 105-159 upon whether the taxpayers' North Carolina income tax return was altered by the adjustment in their federal income tax return.

From the case law and the plain intent of the statute, the legislature intended a taxpayer to report any corrections or changes in their federal net income made by the Commissioner of Internal Revenue or other officer of the United States to the Secretary of Revenue. The change to the taxpayers' federal net income by a federal agent brings the taxpayer within the purview of North Carolina General Statutes § 105-159. The statute does not impose an additional requirement that the taxpayer's North Carolina net income also be affected before the statute governs. Had the legislature intended this additional requirement, it would have so

worded the statute. The Secretary's authority to make assessments or refunds is predicated on changes made in the taxpayer's liability to the Federal authority. *Knitting Mills*, 228 N.C. 764, 47 S.E.2d 240.

Applying the aforementioned law to the facts, the evidence revealed that a change was made to plaintiffs' federal income tax return and that plaintiffs failed to report this change to defendant. The IRS notified defendant of the change in plaintiffs' federal income tax return.

On 28 November 1989, defendant examined plaintiffs' 1984 income tax return, and assessed additional tax based upon plaintiffs' realized gain from the sale of Fairntosh Farm. Although defendant's assessment in 1989 for additional taxes was initiated more than three years after the date set for filing plaintiffs' 1984 return, the assessment is not barred by the three year statute of limitations found in North Carolina General Statutes § 105-241.1. Plaintiffs' failure to notify the Secretary of Revenue of the assessment of additional taxes by the Commissioner of Internal Revenue pursuant to North Carolina General Statutes § 105-159 extends the statute of limitations. Accordingly, we find the trial court correctly concluded that plaintiffs' failure to notify the Secretary of Revenue of changes made by the IRS extended the statute of limitations for assessment.

[3] By plaintiffs' second assignment of error, plaintiffs contend that the trial court's findings that plaintiffs had not made a sale of real property in 1982, and its determination that the proceeds from the condemnation of a portion of Fairntosh Farm constituted income to them in 1984, was not supported by the evidence, was contrary to the greater weight of evidence presented at trial, and constituted a misapplication of North Carolina income tax law, so that it was error to deny plaintiffs the refund of $12,221.24 in tax plus interest arising from the erroneous inclusion of the gain realized in determining their 1984 liability. We disagree.

If the trial court's findings of fact are supported by competent evidence then they must be left undisturbed on appeal. *Lemmerman v. A. T. Williams Oil Co.*, 318 N.C. 577, 350 S.E.2d 83, *reh'g denied*, 318 N.C. 704, 351 S.E.2d 736 (1986).

On Schedule B to plaintiffs' 1984 North Carolina return, plaintiffs reported a gain of $174,589.11 arising from the sale of real estate and showed the date of disposition as March 1982; this gain, carried forward on their return, produced a net gain from sale

McFARLAND v. JUSTUS

[113 N.C. App. 107 (1993)]

of real estate, stocks, bonds, etc. of $189,009.11. Defendant, in her audit of plaintiffs' 1984 tax return, brought forward the $189,009.11 figure as an item and divided it, $94,504.55 to Mr. McFarland and $94,504.56 to Mrs. McFarland, so that it included the net income upon which the tax due was computed.

In their claim for refund, plaintiffs assigned the following as one of the bases:

> Further, the taxpayers contend that the Department erroneously failed to exclude the gain on a 1982 sale erroneously reported on the taxpayers' 1984 return from their corrected 1984 net taxable income in arriving at the amount of the assessment.

The Secretary denied plaintiffs' claim for the partial refund on the basis that "the auditor did not find any information during the examination to support your claim."

At trial, defendant's supervisory auditor Bill Garrett testified that revenue agents had searched courthouse records in Durham, Person, Granville and Orange counties and at the register of deeds office, but had not located any sale of real property by plaintiffs in 1982. Mr. Garrett also testified that plaintiffs had not reported any income from a land sale on their 1982 North Carolina return.

In addition, the evidence showed that plaintiffs abandoned their earlier position set forth in their formal refund claim and in their complaint that the gain was from a 1982 sale. Instead, plaintiff William McFarland testified that the $174,589.00 gain stemmed from a federal government condemnation of Fairntosh Farm commenced in late 1978 or early 1979. He testified that approximately $1,600,000.00 was deposited by the federal government with the court and an additional $600,000.00 was paid in 1982. Plaintiffs' evidence did not show that plaintiffs had ever paid North Carolina taxes on the $174,589.11 gain.

The trial court from the aforementioned testimony determined and the evidence supported a finding that there was no sale of the property in 1982. Additionally, plaintiffs failed to establish that such income was for a period other than that originally filed. Accordingly, plaintiffs' argument is overruled.

We affirm the decision of the trial court.

Judges GREENE and WYNN concur.